The MASSACHUSETTS FEDERATION OF NURSING HOMES, INC., et al., Plaintiffs,

v.

The COMMONWEALTH OF MASSACHUSETTS, et al., Defendants.

Civ. A. No. 91–11366–C.

United States District Court, D. Massachusetts.

April 30, 1992.

**900**

Kenneth A. Behar, Behar & Kalman, Boston, Mass., for plaintiffs.

William L. Pardee, Office of the Attorney General, Boston, Mass., for Com. of Massachusetts, Dept. of Public Welfare, Massachusetts, and Rate Setting Com'n, Mass.

William L. Pardee, Eric A. Smith, Office of the Attorney General, Boston, Mass., for Joseph Gallant, Bruce M. Bullen.

Judith S. Yogman, U.S. Attorney's Office, Boston, Mass., for Louis Sullivan.

## MEMORANDUM

CAFFREY, Senior District Judge.

This action arises out of the federal Medicaid program and its implementing regulations. Plaintiffs, two nursing facility trade associations whose members participate in the Massachusetts Medicaid program and three nursing facility Medicaid providers, challenge the federal government's, specifically Louis Sullivan, Secretary of Health and Human Services ("Secretary"), approval of state reimbursement payments to nursing home facilities providing services to Medicaid beneficiaries. They allege that the Secretary's approval of the state's rates violated the Boren Amendment to the Medicaid Act ("Boren Amendment"). 42 U.S.C. § 1396a(a)(13)(A). In addition, they claim that the Secretary's approval was arbitrary and and capricious, in violation of the Administrative Procedure Act ("APA"). 5 U.S.C. §§ 701–06.[1]

This case is now before the Court on the Secretary's motion to dismiss based on three grounds. First, the Secretary argues that the claims should be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.Proc. 12(b)(1). As discussed in Part I, the Secretary's motion is granted in part and denied in part. The Secretary also claims that the plaintiffs lack standing. The Court denies this motion for the reasons set forth in Part II. As a third ground for dismissal, the Secretary argues that the plaintiffs fail to state a claim upon which relief can be granted pursuant to Fed.R.Civ.Proc. 12(b)(6). As discussed in Part III, the Secretary's motion for failure to state a claim upon which relief can be granted is denied. Each will be discussed in turn.

### I.

#### A.

As noted above, the plaintiffs claim that the Secretary's approval of the state plan violated the Boren Amendment. Furthermore, the complaint alleges that this approval was arbitrary and capricious, in violation of the APA. The Secretary argues that both claims should be dismissed for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.Proc. 12(b)(1), because neither of the statutes provides a cause of action against him.

█ The first basis for 12(b)(1) dismissal is that the Boren Amendment does not confer a right of action against the Secretary. As plaintiff admits, the Act does not

---

**1.** In a recent opinion, this Court denied plaintiffs' motion for a preliminary injunction and allowed the defendants' motion to dismiss the state defendants on sovereign immunity grounds. For a further discussion of the facts and statutory background in this case, *see Massachusetts Federation of Nursing Homes v. Commonwealth of Massachusetts,* 772 F.Supp. 31 (D.Mass.1991).

explicitly provide for a private right of action by providers against the Secretary. *Illinois Health Care Ass'n v. Suter*, 719 F.Supp. 1419, 1422 (N.D.Ill.1989). Without such an explicit grant, plaintiffs may maintain their action against the Secretary only if Congress implicitly intended to grant providers a private right of action against the federal government. *Id.* at 1423. To determine whether plaintiffs have an implied right of action, a court must apply the four-part test set forth by the United States Supreme Court in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). As stated in *Cort*, a court must analyze the following factors:

> First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted," ...? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Id.* at 78, 95 S.Ct. at 2088 (citations omitted). In more recent decisions, the Court has held that the dispositive issue is the second of the four factors, legislative intent. *See Thompson v. Thompson*, 484 U.S. 174, 179, 108 S.Ct. 513, 516, 98 L.Ed.2d 512 (1988); *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77, 91, 101 S.Ct. 1571, 1580, 67 L.Ed.2d 750 (1981); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979). Thus, in its analysis of factors, a court should focus on the legislature's explicit or implicit intent to create or deny such a remedy. *Thompson*, 484 U.S. at 179, 108 S.Ct. at 516. If such intent is lacking, courts have been reluctant to imply a cause of action. *Northwest Airlines*, 451 U.S. at 94, 101 S.Ct. at 1582.

In the instant case, plaintiffs claim that there exists a private right of action to sue the Secretary under the Medicaid Act. In applying the standard explained above, however, courts that have considered the issue have concluded that a private right of action against the Secretary does not exist in this instance. *Michigan Hosp. Ass'n v. Dep't of Social Services*, 738 F.Supp. 1080, 1083–86 (W.D.Mich.1990); *Illinois Health Care Ass'n v. Suter*, 719 F.Supp. 1419, 1422–25 (N.D.Ill.1989).[2] In *Illinois*, the United States District Court for the Northern District of Illinois analyzed the second of the *Cort* factors, legislative intent, and held that the legislature did not intend to create a private cause of action. As the court noted, "nothing in the Act's language even hints at a right to sue [the] Secretary—it is silent as to suits of *any* kind. Nor does the legislative history suggest otherwise." *Id.* at 1423. Further, the court reasoned that under the Boren Amendment, the role of the Secretary was reduced to one of limited oversight of the state plan. Thus, the court reasoned that "[t]o imply a right of action against the Secretary would require more than the anticipated limited degree of oversight envisioned for [the] Secretary." *Id.* at 1424. The court concluded that to allow a right of action in this instance would thereby "alter the structure of the Act." *Id.* In *Michigan*, the United States District Court for the Western District of Michigan concurred. 738 F.Supp. at 1085–86. Relying upon the reasoning of the *Illinois* case, and rejecting plaintiff's many arguments as to implied legislative intent as "unpersuasive," the court held that the plaintiffs failed to show that Congress intended a private right of action against the Secretary. 738 F.Supp. at 1084–86.

In the instant case, the plaintiffs concede that the Boren Amendment does not state whether or not the Secretary may be sued under the statute. Further, although the plaintiffs also concede that the legislative history does not address this particular

---

**2.** As an addendum to its opposition memorandum, the plaintiffs have sent the Court the case of *Erie County Geriatric Center v. Sullivan*, Medicare & Medicaid Guide (CCH) at 28,932 (3rd Cir. Dec. 26, 1991). Although instructive to the Court, *Erie County* did not address the threshold procedural and jurisdictional issues presented by this 12(b)(1) motion to dismiss.

question, they ask the Court to draw the inference that Congress did not intend to change the existing practice, under prior statutes, of allowing suits against the Secretary. This Court will not make such an inference. This Court finds the reasoning set forth in *Illinois* and *Michigan* to be more persuasive, and adopts their holding that there is no implied private right of action against the Secretary under the Medicaid Act. Therefore, this Court grants the Secretary's motion to dismiss pursuant to Fed.R.Civ.Proc. 12(b)(1) for plaintiffs' claims under the Boren Amendment of the Medicaid Act.

### B.

■ As a second basis for 12(b)(1) dismissal, the Secretary claims that this court lacks subject matter jurisdiction under the APA, 5 U.S.C. §§ 701–706. The APA provides in part: "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. In support of his motion to dismiss, the Secretary relies on two exceptions to the presumption of reviewability set forth in the APA. First, in an abbreviated argument, the Secretary claims that the federal agency action was not made reviewable under the Boren Amendment. It appears that the defendant is relying on the statutory exception noted in § 701(a)(1), which states that judicial review under the APA is unavailable when "statutes preclude judicial review." 5 U.S.C. § 701(a)(1). Second, the Secretary argues that the plaintiffs are precluded from claiming relief under the APA because § 704 of the statute bars judicial review if there is another adequate remedy for the plaintiffs. 5 U.S.C. § 704. In the instant case, the Secretary claims that the plaintiffs have another adequate remedy, a suit against the state officials. For the reasons set forth below, this Court rejects these arguments and denies the Secretary's motion to dismiss with respect to the APA.

First, in holding that the Secretary's action is reviewable under the APA, this Court relies on the strong presumption of judicial review of administrative action. *Multicare Medical Center v. Washington,* Medicare & Medicaid Guide (CCH) at 25,-443, 1990 WL 284509 (W.D.Wash. Nov. 28, 1990) (citing *Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 670, 106 S.Ct. 2133, 2135–36, 90 L.Ed.2d 623 (1986)). In *Multicare,* the United States District Court for the Western District of Washington held in an analogous action that the plaintiff hospitals have subject matter jurisdiction to challenge the Secretary's review and approval of various state plans pursuant to the APA. *Id.* at 25,443. Although the case differs from the instant action in that the plaintiffs in *Multicare* did not also claim to have a private right of action under the Boren Amendment against the Secretary, the court still had to determine whether the plaintiffs had subject matter jurisdiction to proceed with their APA challenge to the Secretary's review of the state Medicaid plan. *Id.* The court denied the Secretary's motion to dismiss, reasoning that there was no evidence that Congress intended to preclude judicial review of the agency's actions. *Id.* at 25,444. Moreover, the court noted that while the Secretary's oversight role in the rate-setting process had decreased under the Boren Amendment, there still remain available judicial standards for determining whether the Secretary abused his discretion by approving the state plan. *Id.* Concluding that a court is "capable of reviewing the Secretary's actions under an arbitrary and capricious standard of review to determine whether the Secretary had any reasonable basis for accepting the state's assurances," the court held that the Secretary's approval was subject to judicial review pursuant to the APA. *Id.*

Furthermore, in *Pinnacle Nursing Home v. Axelrod,* the Court of Appeals for the Second Circuit stated explicitly that the APA grants jurisdiction to a federal court to review the administrative actions taken by the Secretary pursuant to the Boren Amendment. 928 F.2d 1306, 1314 (2d Cir. 1991). In *Pinnacle,* the state defendant argued that judicial review of the Secretary would "result in displacing the Secretary in

his administrative oversight capacity" as detailed in the Boren Amendment. *Id.* The court rejected this argument, holding that federal courts must review administrative actions to ensure that the agency complies with federal law:

> [W]e do not read the scope of our review as being limited to rubber stamping agency action. When a federal agency has erred as a matter of law, it is within our domain to say so. Indeed, in reviewing agency action, our mandate under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, is clear.... We do not find in the language of the Act or its legislative history a congressional declaration that we abdicate our duty as ultimate arbiter of federal law.

*Id.* This Court concurs with the reasoning of *Multicare* and *Pinnacle* and accordingly rejects the Secretary's first argument that the agency action was not made reviewable by the statute.

As a second argument in support of its motion to dismiss, the Secretary argues that, since the plaintiffs have an adequate alternate remedy available to them by suing the state officials, the plaintiffs may not use the APA to seek an additional remedy against the Secretary. The Secretary cites an exception to the APA, 5 U.S.C. § 704, which allows judicial review for actions that are reviewable by statutes and final agency action "for which there is no other adequate remedy in a court." The Secretary argues that because the plaintiffs may sue the state officials under 42 U.S.C. § 1983 in accordance with *Wilder v. Virginia Hospital Association*, 496 U.S. 498, 110 S.Ct. 2510, 110 L.Ed.2d 455 (1990), the plaintiffs have an adequate remedy and are not entitled to also sue the federal defendants.

As the United States Supreme Court has held in *Bowen v. Massachusetts*, the primary purpose of § 704 was to "codify the exhaustion requirement" to ensure that district court jurisdiction did not duplicate existing administrative procedures set forth in other statutes. 487 U.S. 879, 903, 108 S.Ct. 2722, 2736–37, 101 L.Ed.2d 749 (1988). The purpose of ensuring against duplica-

tion, the Court warned, "should not be construed to defeat the central purpose of providing a broad spectrum of judicial review of agency action." *Id.* As such, the review provisions of the APA must be interpreted hospitably. *Id.* (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 140–41, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967)). Interpreting the "adequate remedy" language of § 704, the Court held that a federal district court had jurisdiction to review the Secretary's final order refusing to reimburse a state for Medicaid expenditure despite the fact that monetary relief may be obtained in the Claims Court under the Tucker Act. *Id.* Given the strong presumption of judicial review, and because no such duplicative administrative statutes exist in this case, this Court rejects the Secretary's argument regarding § 704.

The Secretary attempts to distinguish this case and relies upon the reasoning set forth in *American Health Care Association v. Sullivan*. No. 91–1087, 1991 WL 187456 (D.D.C. June 20, 1991). In *American Health Care*, a District Court for the District of Columbia granted the Secretary's motion to dismiss for lack of subject matter jurisdiction under the APA because other remedies were available for the plaintiffs. *Id.*, slip op. at 6–7. The plaintiffs in *American Health Care* were primarily trade associations representing over 10,000 nursing home facilities in fifty states who alleged that the Secretary had not met his burden under the statutory mandate to verify state plan compliance. *Id.* at 1. According to the court, the plaintiffs alleged "scattered, amorphous and different types of injury spread over hundreds of separate facilities operating under different state policies and restrictions." *Id.* at 7. Based on the precedents the court relied upon, it is apparent that the court characterized this case as an attempt to obtain judicial review of the Secretary's failure to enforce the Boren Amendment of the Medicaid provisions. *Id.* (citing *Council of the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521 (D.C.Cir.1983); *Coker v. Sullivan*, 902 F.2d 84 (D.C.Cir.1990)). As the Court of Appeals for the District of Columbia noted in *Coker*, these types of decisions

not to enforce are presumptively unreviewable because the choice not to enforce a statutory provision entrusted to the agency's review "generally involves a complicated balancing of factors peculiarly within the agency's expertise." *Coker*, 902 F.2d at 89 (homeless families and advocacy organizations brought an action under the APA seeking an order to require the Secretary to monitor and enforce state compliance with federal statutory requirements governing state Emergency Assistance plans). Because this role should be reserved to the agency itself, other remedies, such as administrative review and a suit against the state under 42 U.S.C. § 1983, would provide adequate remedies in these types of cases. *Id.* at 89–90. Thus, under 5 U.S.C. § 704, such decisions by an agency not to enforce a provision entrusted to it have been precluded from judicial review. *Id.* at 89; *Council of the Blind*, 709 F.2d at 1532.

This Court will not characterize the instant case in this manner. In contrast to the *American Health* case, the plaintiffs in this action are not seeking an extremely broad-based relief by way of a general order to direct a federal agency to enforce or monitor state compliance with a federal statute. Instead, the present action challenges the Secretary's review and approval of a specific state plan and a pending plan amendment. Thus, the Secretary's reliance on § 704 is misplaced, and this Court rejects defendant's second argument.

This Court concludes that the Secretary's action is subject to judicial review under the APA, and the Secretary's motion to dismiss based on subject matter jurisdiction should be denied.

## II.

As an additional ground for dismissal, the Secretary contends that Plaintiffs lack standing to maintain their action against the Secretary. To have standing, the plaintiffs must show that they have suffered some actual or threatened injury, that the injury is fairly traceable to the allegedly unlawful conduct, and that a favorable decision would likely redress the injury. *Valley Forge Christian College v.*

*Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982). The plaintiffs clearly have satisfied the first prong of this three-pronged requirement. They have alleged an actual injury in the form of reduced levels of reimbursement. Thus, the Secretary's argument focuses on the second and third prongs.

With respect to the second prong, a showing of a "but for" relationship between the injury and allegedly unlawful conduct clearly establishes that the injury is fairly traceable to the challenged conduct. *Duke Power Co. v. Carolina Envtl. Study Group, Inc.*, 438 U.S. 59, 74–75, 98 S.Ct. 2620, 2631, 57 L.Ed.2d 595 (1978). The Secretary contends, however, that any injury suffered by the plaintiffs resulted primarily from the actions of the state defendants, not the Secretary. In addition, the Secretary points out that, under the Boren Amendment, the Secretary plays a limited role in approving rates. For these reasons, the Secretary argues that the plaintiffs' injury is not fairly traceable to the Secretary's conduct.

This Court rejects this argument. Had the Secretary rejected the state's assurances, the state would not have been able to implement the reduced rates it used for payment purposes for February, 1991, and thereafter. In other words, but for the Secretary's allegedly unlawful conduct, the plaintiffs would not have been subject to the lower rates. Therefore, the plaintiffs have satisfied the second prong of the standing requirement.

With respect to the third prong, the Secretary argues that because the Secretary only can approve or disapprove rates proposed by the state and cannot require the state to implement any particular set of rates, a declaration by the Court that the Secretary improperly approved the rates may not result in larger reimbursements. Even if the Court were to order the Secretary to require the state to submit a new plan amendment, the Secretary contends, the resulting rates still may be no higher than the challenged rates. On that basis, the Secretary argues that a favorable deci-

sion by the Court is not likely to redress the injury.

It appears, however, that a favorable decision would relieve the plaintiffs' injury. In *Pinnacle Nursing Home v. Axelrod,* the court addressed a set of facts analogous to the facts of the instant case. 719 F.Supp. 1173 (W.D.N.Y.1989), *aff'd in part and rev'd in part,* 928 F.2d 1306 (2nd Cir.1991). The plaintiffs in *Pinnacle Nursing Home* were residential health care facilities that sought declaratory and injunctive relief, claiming that the method by which they were being reimbursed by Medicaid was unlawful. *Id.* at 1175. After concluding that a 1987 adjustment to the plaintiffs' reimbursement rates was adopted improperly, the court held that the approval of the 1987 adjustment was totally without legal effect, and the court ordered that the plaintiffs be reimbursed according to the 1986 plan, which was validly adopted and in effect prior to the improper 1987 adjustment. *Id.* at 1182.

Such relief would be consistent with what would have occurred in the instant case had the Secretary rejected the rates proposed by the State. In *Multicare,* a group of hospitals brought an action challenging the Secretary's approval of various Medicaid reimbursement plans. Medicare & Medicaid Guide (CCH) at 25,444. In holding that the plaintiffs had standing to sue the Secretary,[3] the court observed that "[h]ad it not been for the Secretary's [allegedly] improper approval of the plan amendments in question, the plaintiffs would be paid a higher rate in accordance with the last preceding state plan that was validly approved by the Secretary." *Id.* Thus, assuming the plaintiffs in the instant case prove successful in their claim against the Secretary, an appropriate remedy could be the restoration of the rates that were in effect prior to the rates that are being challenged. Such relief would redress the plaintiffs' injuries. Therefore, the plaintiffs have satisfied the third prong of the standing requirement, and the Court con-

cludes that the plaintiffs have standing to maintain their action against the Secretary.

## III.

Alternatively, the Secretary moves for dismissal claiming that the plaintiffs have failed to state a claim upon which relief can be granted pursuant to Fed.R.Civ.Proc. 12(b)(6). Because this Court has found that the Secretary's actions are reviewable under the APA, and that the plaintiffs have standing to challenge the Secretary's approval of the state plan amendments, this Court holds that the plaintiffs' complaint states a claim against the Secretary upon which relief can be granted. Thus, the Secretary's 12(b)(6) motion is denied.

Order accordingly.

## ORDER

In accordance with the memorandum signed on this date, it is hereby ORDERED:

1. The motion to dismiss for lack of subject matter jurisdiction by the Secretary is granted in part and denied in part.

2. The motion to dismiss for lack of standing by the Secretary is denied.

3. The motion to dismiss for failure to state a claim upon which relief can be granted by the Secretary is denied.

---

**3.** The court in *Multicare* did not explicitly consider whether a favorable decision would redress the plaintiffs' injuries, because the court applied a different test for standing than is being applied by the Court in the instant case.