**PENNSYLVANIA ASSOCIATION OF HOME HEALTH AGENCIES, et al.**

v.

**Karen SNIDER, Secretary of Public Welfare of the Commonwealth of Pennsylvania.**

Civ. A. No. 93–CV–0606.

United States District Court, E.D. Pennsylvania.

July 14, 1993.

David B. Snyder, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, William A. Dombi, James E. Murray, Center for Health Care Law, Washington, DC, for plaintiffs.

Doris M. Leisch, PA Dept. of Public Welfare, Philadelphia, PA, Thomas Brian York, Dept. of Public Welfare, Office of Legal Counsel, Harrisburg, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

The defendant Secretary of Public Welfare now moves to dismiss the plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on the grounds that the plaintiffs do not possess the standing necessary to sue and that, even if the requisite standing exists, the claims at issue are not ripe for judicial review. For the reasons outlined in the paragraphs which follow, the defendant's motion is denied and she is directed to file an answer to the plaintiffs' complaint.

## I. HISTORY OF THE CASE.

According to the Preliminary Statement to the complaint, the plaintiffs commenced the instant class action lawsuit to challenge the alleged failure of the Pennsylvania Department of Public Welfare to establish appropriate methods for determining levels of payment for home health services under the Commonwealth's Medicaid program. The plaintiffs include not only the Pennsylvania Association of Home Health Agencies (which, according to paragraph 3, "is a membership association representing the interests of the vast majority of Medicaid participating home health agencies in the state of Pennsylvania") but also some 16 individual "licensed and certified home health agencies" participating in the Medicaid program" located throughout Pennsylvania. It is the plaintiffs' position that this purported failure on the part of the defendant to adopt a proper methodology for determining appropriate payment levels constitutes a violation of Title XIX of the Social Security Act, 42 U.S.C. §§ 1396, et seq. and Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983, et seq. for which they seek both declaratory and injunctive relief.

## II. DISCUSSION.

### 1. Standards Applicable to Motions to Dismiss

The standards governing motions such as the ones now before the court are well settled. In considering a motion to dismiss for failure to state a claim upon which relief may be granted, the court must accept as true all of the allegations recited in the complaint, construing them in the light most favorable to the plaintiffs. *Angelastro v. Prudential–Bache Securities, Inc.*, 764 F.2d 939 (3rd Cir.1985); *Hough/Loew Associates, Inc. v. CLX Realty Co.*, 760 F.Supp. 1141 (E.D.Pa. 1991). In order to prevail on a motion to dismiss, Defendant must establish that Plaintiff can prove no set of facts which would entitle it to relief. *See: Oatess v. Sobolevitch*, 914 F.2d 428, 431, note 8 (3rd Cir.1990); *Hendrix v. Fleming Companies*, 650 F.Supp. 301 (W.D.Okla.1986).

Likewise, since federal courts are courts of limited jurisdiction, the party which brought

the action to the federal forum bears the burden of proving that jurisdiction is proper. The standard for dismissal pursuant to Fed. R.Civ.P. 12(b)(1) is similar to the standard for dismissal pursuant to Fed.R.Civ.P. 12(b)(6). *See: Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3rd Cir.1991); *Heller v. CACL Federal Credit Union,* 775 F.Supp. 839, 841 (E.D.Pa.1991). The test for determining jurisdiction on the face of the pleadings is whether the federal claim alleged is so patently without merit as to justify the district court's dismissal for want of jurisdiction. In determining whether the challenged pleadings set forth allegations sufficient to show the court that it has subject matter jurisdiction over the matter, the pleadings are to be construed in a light most favorable to the party opposing the motion. *Espinosa v. Norfolk and Western Railway Co.,* 750 F.Supp. 819, 823 (E.D.Mich.1990) citing, *inter alia, Duke Power Company v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978).

*2. Standing.*

■ In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends upon whether the party has alleged such a "personal stake in the outcome of the controversy" as to ensure that "the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution." *Sierra Club v. Morton,* 405 U.S. 727, 732, 92 S.Ct. 1361, 1364, 31 L.Ed.2d 636 (1972), citing *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962) and *Flast v. Cohen,* 392 U.S. 83, 101, 88 S.Ct. 1942, 1953, 20 L.Ed.2d 947 (1968). Stated otherwise, to have standing plaintiffs must show that they have suffered some actual or threatened injury, that the injury is fairly traceable to the allegedly unlawful conduct and that a favorable decision would likely redress the injury. *Valley Forge Christian College v. Americans*

*United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982).

■ While the same constitutional and prudential considerations related to the "case or controversy" limitation of Article III to the U.S. Constitution apply, the concept of associational standing differs only slightly from those enumerated above. Thus, notwithstanding the general rule that a plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties, there are situations where, even in the absence of injury to itself an association may have standing solely as the representative of its members. *Warth v. Seldin, supra,* 422 U.S. at 498, 510–511, 95 S.Ct. at 2205, 2211. In *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), the Supreme Court stated a three-part test for associational standing:

[A]n association has standing to bring a suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*See Also: Kansas Health Care Assn. v. Kansas Dept. of Social & Rehabilitation Services,* 958 F.2d 1018, 1021 (10th Cir.1992).

■ The lawsuit in the instant case is premised upon The Civil Rights Act, 42 U.S.C. § 1983 and the Boren Amendment to the Medicaid Act, 42 U.S.C. § 1396a, and its accompanying regulations, which require those states that participate in the federal Medicaid program to develop and implement a plan for the provision of and payment for a variety of medical and health care services to needy individuals. Specifically, the plaintiffs allege that the defendant has violated 42 U.S.C. § 1396a(a)(30)(A) and 42 C.F.R. §§ 447.201, 447.204 and 447.205 by "failing to establish ... and maintain standards ... or methods for determining and ... setting payment rates for Medicaid home health ser-

vices in a manner which is (a) consistent with efficiency, economy and quality of care; and (b) designed to determine the appropriate payment rate necessary to assure access to care at least to the extent that such care and services are available to the general population. ..." That a health care provider may bring an action for declaratory and injunctive relief under 42 U.S.C. § 1983 to challenge the method by which a state reimburses health care providers and to enforce the provisions of the Boren Amendment is now indisputable. *Wilder v. Virginia Hospital Association*, 496 U.S. 498, 110 S.Ct. 2510, 110 L.Ed.2d 455 (1990); *West Virginia University Hospitals, Inc. v. Casey*, 885 F.2d 11 (3rd Cir.1989). Indeed, in so holding, the Supreme Court in *Wilder* reasoned:

> "There can be little doubt that health care providers are the intended beneficiaries of the Boren Amendment. The provision establishes a system for reimbursement of providers and is phrased in terms benefiting health care providers: it requires a state plan to provide for "payment ... of the hospital services, nursing facility services, and services in an intermediate care facility for the mentally retarded provided under the plan ..."

496 U.S. at 510, 110 S.Ct. at 2517–2518 citing, *Wright v. Roanoke Redevelopment and Housing Authority*, 479 U.S. 418, 430, 107 S.Ct. 766, 774, 93 L.Ed.2d 781 (1987); 42 U.S.C. § 1396a(a)(13)(A). Inasmuch as the plaintiffs in the case at bar have likewise commenced suit to enforce those sections of the Boren Amendment which apply to the provision of home health services, we conclude that clearly the individual home health agency plaintiffs here have standing to maintain this cause of action. *See also: Massachusetts Federation of Nursing Homes, Inc. v. Commonwealth of Massachusetts*, 791 F.Supp. 899 (D.Mass.1992); *Illinois Hospital Association v. Edgar*, 765 F.Supp. 1343 (N.D.Ill.1991).

We also find that the Pennsylvania Association of Home Health Agencies has satisfied the three components of the *Hunt* test such that it may be said to have associational standing to sue.[1] Indeed, as is noted above, the members and individual members of the Association have and/or would have standing to sue on their own behalf. Second, as paragraph 3 of the complaint alleges, PAHHA "is a membership association representing the interests of the vast majority of Medicaid participating home health agencies in the state of Pennsylvania ..." and it "advances the interests of home health care before the United States Congress, federal agencies, the Pennsylvania State Legislature and state agencies in order to help home health care achieve its mission, purpose and further its values." Clearly, the interests which the plaintiff association seeks to protect by maintaining this suit to compel compliance with the federal and state medicaid requirements are germane to the above-referenced purpose of the organization.

Finally, in light of the fact that many of the individual member home health agencies have joined the plaintiff association in bringing this action, we find that even if the claims asserted or the relief requested here absolutely required the participation of individual members in the lawsuit, those members are already present. Accordingly, the defendant's motion to dismiss the plaintiffs' complaint on the basis of insufficient standing is hereby denied.

### 3. *Ripeness.*

The basic rationale of the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Pacific Gas & Electric v. State Energy Resources Conservation & Development Commission*, 461 U.S. 190, 200, 103 S.Ct. 1713, 1720, 75 L.Ed.2d 752 (1983). *See Also: Johnson v. Greater Southeast Community Hospital Corp.*, 951 F.2d

---

1. To be sure, the defendant herself concedes in her supporting brief that "the allegations in the Complaint are sufficient to confer standing on PAHHA only, if at all, as a representative of the interests of its members" (Memorandum of Law in Support of Motion to Dismiss the Complaint, at p. 10).

1268, 1275 (D.C.Cir.1991). The problem of ripeness then, has been said to be one of determining if the timing of the presentation of an issue to a court is so premature as to unnecessarily entangle the court in the resolution of an issue predicated upon a mere contingency. *Hudson County News Co. v. Metro Associates, Inc.,* 141 F.R.D. 386, 390 (D.Mass.1991).

■ These standards are further clarified for cases in which injunctive and/or declaratory relief is being sought. Although a plaintiff need not suffer a completed harm to establish adversity of interest between the parties, since the declaratory and injunctive remedies are discretionary, the courts should hesitate to apply them unless (a) the issues are fit for judicial resolution and (b) withholding judicial consideration would result in hardship to the parties. In other words, the courts must focus on the "adversity of interest" between the parties, the "conclusivity" that a declaratory judgment would have on the legal relationship between the parties, and the "practical help or utility" of a declaratory judgment. *Armstrong World Industries, Inc. v. Adams,* 961 F.2d 405, 411–412 (3rd Cir.1992); *Wilmac Corp. v. Bowen,* 811 F.2d 809, 813 (3rd Cir.1987).

■ Viewing the complaint in the case at bar in the light most favorable to the plaintiffs, as the non-moving parties, we note that it is alleged in paragraphs 19–24, 26, 30, and 32–33 that the Commonwealth's Department of Public Welfare has failed to alter its rate setting methodology for fiscal year 1994 so as to comply with the provisions of both the federal Medicaid Act and the state plan. In this regard, the foregoing paragraphs charge, the medicaid reimbursement rates adopted for home health care services is so low that Medicaid patients can no longer be assured that they will have access to needed home health services and care, and thus the Commonwealth's reimbursement system has caused and will continue to cause Medicaid providers and their patients to suffer irreparable harm. These allegations raise, we find, legal issues which are now fit for judicial resolution, the withholding of which would work hardship upon the parties. This having been said, we therefore conclude that the matters raised in the plaintiffs' complaint are ripe for review and the defendant's motion to dismiss on the grounds of ripeness is also denied.

For all of the foregoing reasons, the attached order is hereby entered.

## ORDER

AND NOW, this 14th day of July, 1993, upon consideration of Defendant's Motion to Dismiss the Plaintiffs' Complaint, it is hereby ORDERED that the said Motion is DENIED for the reasons outlined in the preceding Memorandum Opinion and Defendant is DIRECTED to file an answer to the complaint within twenty (20) days of the date of this order.